**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

CHARAIL McDANIEL, #1232015            §

VS.                                   §                    CIVIL ACTION NO. 5:06cv135

JAMES D. BARTON, ET AL.               §

**MEMORANDUM OPINION AND ORDER**

Plaintiff Charail McDaniel, a Texas prison inmate confined at the Telford Unit, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The cause of action was referred with the consent of the parties pursuant to 28 U.S.C. § 636(c).

**History of the Case**

The original complaint was filed on June 29, 2006. It concerned allegations of excessive use of force. On January 29, 2007, the Court issued a Memorandum Opinion and Partial Order of Dismissal. Summary judgment was granted in behalf of all of the Defendants except for Officer James D. Barton and Sgt. Jason C. Smith. It was noted that their defense focused on allegations that the Plaintiff did not sustain any physical injuries. They did not, however, discuss the Plaintiff's injuries in the context in which force was deployed, as repeatedly required by the Fifth Circuit. *See Hudson v. McMillian*, 962 F.2d 522, 523 (5th Cir. 1992); *Ikerd v. Blair*, 101 F.3d 430, 434 (5th Cir. 1996); *Williams v. Bramer*, 180 F.3d 703, 704 (5th Cir. 1999); *Brown v. Lippard*, 472 F.3d 384 (5th Cir. 2006). They were thus given an opportunity to submit competent summary judgment evidence to show that they did not maliciously and sadistically use force against the Plaintiff. Defendants Barton and Smith filed a supplemental motion for summary judgment on February 13, 2007. The Plaintiff filed

1

his own motion for summary judgment and answer to the Defendants' motion for summary judgment on March 5, 2007.

### Plaintiff's Allegations

The Plaintiff alleged under penalty of perjury that he was the victim of excessive use of force between 8 and 9 a.m. on February 10, 2006.  He alleged that Officer James D. Barton maliciously pushed him down a flight of stairs while he was handcuffed behind his back, causing physical pain to the Plaintiff's right ankle and right knee and mental disease.  Officer Barton employed racial slurs during the incident.  He added that Officer Barton threatened him again weeks later.

 The Plaintiff next alleged that Sgt. Smith shortly thereafter escorted him out of everyone's view, grabbed him by the back of the head and smashed his face into a window 4 or 5 times.  In his previous motion for summary judgment, the Plaintiff stated that he received a bleeding lower lip when Sgt. Smith smashed his face against the window.  The Plaintiff told Sgt. Smith that he needed medical attention and that he was in pain, but Sgt. Smith ignored the Plaintiff's pleas for help.

The Plaintiff attached declarations under penalty of perjury from three inmates about the incident. Federico Guerrero discussed what he observed, which included the following statement: "He was heading down the stairs when all of sudden McDaniel question the officer about pushing him down the stairs.  Barton the officer also told the Sgt. that he pushed McDaniel but not hard enough. The reason for the officer pushing McDaniel down the stairs was that McDaniel flinch at him when walking down the stairs."  Inmate Clifford Smith said he did not see the incident, but he heard the Plaintiff questioning the officer about pushing him down the stairs.  He also heard Officer Barton admitting to Sgt. Smith that he pushed the Plaintiff after the Plaintiff flinched at him.  Inmate David Howeth, Jr., discussed what he heard after the Plaintiff had already been pushed down the stairs.  He was awakened by people yelling.

2

## Defendants' Supplemental Motion for Summary Judgment

The position of the Defendants in their motion for summary judgment is that no force was used and that the allegations that they used force are untrue.  They alternatively argued that even if they had used force, they acted in accordance with prison policy, in good faith, used the minimum amount of force necessary to control the situation, and acted without intent to punish or discipline the Plaintiff.  More specifically, in his affidavit, Sgt. Jason Smith asserted that he did not assault the Plaintiff.  He added that he has never violated the prison system's use of force plan in situations where he has used force and that he has never acted maliciously or sadistically towards any inmate.  Officer James Barton specified in his affidavit that he did not assault the Plaintiff.  He likewise specified that he has never violated the prison system's use of force plan in situations where he has used force and that he has never acted maliciously or sadistically towards any inmate.

In support of their motion, the Defendants stressed that no use of force or incident reports were ever prepared regarding the Plaintiff for February 10, 2006.  Although the Plaintiff claimed there are photographs showing his right ankle and knee were swollen and bruised, he did not submit the alleged photographs, and his medical records reveal none.  They noted that the medical records show that there was a medical examination on February 23, 2006, which was almost two weeks after the alleged assault and that was the first time the Plaintiff claimed that the assault occurred.  The examination revealed no swelling nor bruising.  They noted that the Plaintiff's claim of a "busted bottom lip" was made for the first time in his previous motion for summary judgment.  They asserted that the Plaintiff has presented only conclusory allegations and assertions of physical injuries, which are not competent summary judgment evidence.  *See Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139-40 (5th Cir. 1996) (citing cases holding that conclusory, allegations, speculation and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden in avoiding summary judgment).

3

The Defendants asserted that they have submitted competent summary judgment evidence showing that they have acted in good faith in all uses of force with T.D.C.J. inmates.  They noted that they have submitted their disciplinary files showing that T.D.C.J. has never found that they violated use of force policies developed with a view to the *Hudson* factors.  They noted that they submitted competent summary judgment evidence attesting to the fact that they had never engaged in malicious or sadistic conduct toward any inmate, have always acted in good faith, and are aware of and follow T.D.C.J.'s use of force policy.  They asserted that they have never engaged in an unreported use of force.

The Defendants asserted that there is competent summary judgment evidence showing that the Plaintiff's account is false.  They argued that the lack of a disciplinary case filed against the Plaintiff is competent summary judgment evidence that the incident did not occur.  They again noted that the Plaintiff did not report the incident until two weeks later.  They again noted the lack of photographic evidence.  They noted the Office of the Inspector General's conclusion that the evidence did not support further investigation.  They argued that the only evidence supporting the Plaintiff's account is his own conclusory allegations and assertions.  They argued that summary judgment should be granted in their favor.

### Plaintiff's Motion for Summary Judgment

The Plaintiff filed a somewhat short motion for summary judgment on March 5, 2007.  He repeated the facts that he previously presented in this case.  He again argued that summary judgment should be granted in his behalf.

### Discussion and Analysis

Summary judgment is proper when the pleadings and evidence on file show that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of

4

law."  Fed. R. Civ. P. 56(c).  The moving party for summary judgment has the burden of proving the

lack of a genuine issue as to all the material facts.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986);

*Galindo v. Precision American Corp.,* 754 F.2d 1212, 1221-23 (5th Cir. 1985).

        In deciding a motion for summary judgment, the Court must make a threshold inquiry in

determining whether there is a need for a trial.  "In other words, whether there are any genuine factual

issues that properly can be resolved only by a finder of fact because they may reasonably be resolved

in favor of either party."  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986).  "[T]he mere

existence of some alleged factual dispute between the parties will not defeat an otherwise properly

supported motion for summary judgment; the requirement is that there be no genuine issue of material

fact."  477 U.S. at 247-48.  In making this threshold inquiry, the Court must consider that "[s]ummary

judgment is proper when, viewed in the light most favorable to the non-moving party, the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

show that there is no genuine issue as to any material fact."  *Smith v. Xerox Corp.,* 866 F.2d 135, 137

(5th Cir. 1989) (citations omitted);  Fed. R. Civ. P. 56(c).

        Once the movants make a showing that there is no genuine material fact issue to support the

nonmovant's case, the nonmovant cannot survive a motion for summary judgment by resting on the

allegations in his pleadings.  *Isquith v. Middle South Utilities, Inc.,* 847 F.2d 186, 199  (5th Cir.), *cert.*

*denied*, 488 U.S. 926 (1988); *see also Celotex*, 477 U.S. at 324.  Rather, he must direct the court's

attention to evidence in the record sufficient to establish that there is a genuine issue of material fact

for trial.  *Celotex*, 477 U.S. at 324.  To carry this burden, the nonmovant must present evidence

sufficient to support a resolution of the factual issues in his favor.  *Anderson*, 477 U.S. at 257.

Summary judgment is proper if the affidavits, depositions, answers, and admissions on file fail to

establish the existence of an element essential to the plaintiff's case and as to which he will bear the

burden of proof at trial.  *Celotex*, 477 U.S. at 322-23.  The nonmovant must submit competent summary judgment evidence sufficient to defeat a properly supported motion for summary judgment. *See, e.g., Burleson v. Texas Dept. of Criminal Justice*, 393 F.3d 577, 589-90 (5th Cir. 2004); *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001); *Ragas v. Koch Gateway Pipeline Co.,* 136 F.3d 455, 458 (5th Cir. 1998).  It is again noted that the Defendants correctly argued that conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden.  *Grimes v. Texas Dep't of Mental Health*, 102 F.3d at 139-140.

The issue before the Court is whether either party is entitled to summary judgment on the excessive use of force claim.  The Supreme Court has emphasized that the core judicial inquiry in an Eighth Amendment excessive use of force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).  An excessive use of force claim has both subjective and objective components. *Id.* at 8.  In other words, there is the issue of whether the officials acted with a "sufficiently culpable state of mind" and if the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation.  *Id.*  A claimant must allege and prove there was an "unnecessary and wanton infliction of pain."  *Id.* at 5.  In deciding whether the use of force was wanton or unnecessary, a court may consider "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response."  *Id.* at 7. (internal quotation and citation omitted).  The absence of a serious injury is relevant to but not dispositive of the excessive force claim.  *Id.*

The Supreme Court added the following caveat concerning the nature of the force used in a given situation:

> That is not to say that every malevolent touch by a prison guard gives rise to a federal
> cause of action.  *See Johnson v. Glick*, 481 F.2d, at 1033 ('Not every push or shove,
> even if it may later seem unnecessary in the peace of a judge's chambers, violates a
> prisoner's constitutional rights').  The Eighth Amendment's prohibition of 'cruel and
> unusual' punishment necessarily excludes from constitutional recognition de minimis
> uses of physical force, provided that the use of force is not of a sort 'repugnant to the
> conscience of mankind.'

*Hudson v. McMillian*, 503 U.S. at 9-10.

On remand in *Hudson*, the Fifth Circuit concluded that the following factors are relevant in the

inquiry whether there was an excessive use of force: "1. the extent of the injury suffered;  2. the need

for the application of force;  3. the relationship between the need and the amount of force used;  4. the

threat reasonably perceived by the responsible officials; and  5. any efforts made to temper the severity

of a forceful response."  *Hudson v. McMillian*, 962 F.2d 522, 523 (5th Cir. 1992).  *See also Baldwin

v. Stalder*, 137 F.3d 836, 839 (5th Cir. 1998).  On the other hand, the Fifth Circuit has repeatedly

emphasized that an inmate must have suffered more than a *de minimis* physical injury.  *Gomez v.

Chandler*, 163 F.3d 921, 924 (5th Cir. 1999).  There must always be some injury, albeit insignificant.

*Knight v. Caldwell*, 970 F.2d 1430, 1432 (5th Cir. 1992), *cert. denied*, 507 U.S. 926 (1993);  *Jackson

v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993).  In *Siglar v. Hightower*, 112 F.3d 191, 194 (5th Cir.

1997), the Fifth Circuit held that a sore, bruised ear lasting for three days that resulted from an officer

twisting the inmate's ear was *de minimis* and insufficient to provide a basis for a meritorious civil

rights lawsuit.  In *Gomez v. Chandler*, 163 F.3d at 924-25, the Fifth Circuit held that injuries consisting

of pain and  "cuts, scrapes, contusions to the face, head and body" that resulted from an inmate being

knocked down, punched and kicked and that required medical treatment were more than *de minimis*.

The Fifth Circuit also noted that even though there must be more than a *de minimis* physical injury,

"there is no categorical requirement that the physical injury be significant, serious, or more than

minor."  *Id.* at 924.

The Fifth Circuit has additionally held that the question of whether the force used was more than *de minimis* must be evaluated in the context in which the force was deployed.  In *Ikerd v. Blair*, 101 F.3d 430, 434 (5th Cir. 1996), the Fifth Circuit explained that the amount of injury necessary to satisfy the requirement of some injury and to establish a constitutional violation is directly related to the amount of force that is constitutionally permissible under the circumstances.  In *Williams v. Bramer*, 180 F.3d 703, 704 (5th Cir. 1999), the Fifth Circuit held that what constitutes an injury is subjective and defined entirely by the context in which the injury arises.  Two chokings occurred in *Williams*.  The first choking occurred when an officer attempted to search the plaintiff's mouth, which resulted in fleeting dizziness, temporary loss of breath and coughing.  The Fifth Circuit held that the use of force did not rise to the level of a constitutional violation under the circumstances.  *Id.* at 704. The second choking was the product of a malicious choking.  The plaintiff again suffered dizziness, coughing, and a loss of breath.  The Fifth Circuit held that the injuries, although the same as before, qualified as a cognizable injury since the officer's actions were the product of maliciousness, as opposed to a legitimate search.  *Id.*  The Fifth Circuit specifically noted that it was required to accept the plaintiff's version of events as true for purposes of summary judgment.  *Id.*

More recently, the Fifth Circuit again rejected arguments focusing solely on the extent of an inmate's injuries in *Brown v. Lippard*, 472 F.3d 384 (5th Cir. 2006).  The Fifth Circuit held the defendant was not entitled to summary judgment because there was evidence before the Court that his actions were the product of bad faith, regardless of the lack of a significant injury.  *Id.* at 387.

The competent summary judgment evidence in the present case clearly reveals that there are disputed issues of material fact.  The Plaintiff alleged that the Defendants maliciously and sadistically used force against him resulting in his injuries.  The Defendants, on the other hand, alleged that the use of force incident never happened.  This is simply a classic "swearing match- a factual dispute

which must be resolved by the ultimate fact finder, not by the judge on summary judgment." *E.E.O.C. v. R. J. Hallagher Co.,* 181 F.3d 645, 652 (5th Cir. 1999). The Defendants' version of events alleging that the use of force incident did not happen involves the veracity of the evidence, which is in the province of the finder of fact at a trial. *Cupit v. United States*, 964 F.Supp. 1104, 1113 (W.D. La. 1997). The Fifth Circuit has repeatedly held that when the facts are in dispute, a court may not determine the credibility of the evidence and must draw all justifiable inferences in favor of the nonmovant. *See, e.g., Bledsoe v. City of Horn Lake, Miss.*, 449 F.3d 650, 652-53 (5th Cir. 2006). This includes making credibility determinations in excessive use of force cases. *Tarver v. City of Edna*, 410 F.3d 745, 753 (5th Cir. 2005); *Bazan v. Hidalgo County*, 246 F.3d 481, 492 (5th Cir. 2001).

One final issue is worth mentioning concerning the Plaintiff's injuries. The Plaintiff has submitted competent summary judgment evidence in the form of his own statements made under penalty of perjury that his leg and ankle showed bruising and swelling due to the push down the stairs. He also submitted competent summary judgment evidence that his lip was busted when Sgt. Smith allegedly grabbed him by the back of the head and smashed his face into the window four or five times. The Defendants' competent summary judgment evidence essentially questions the credibility of the Plaintiff's competent summary judgment evidence concerning the injuries. Again, the trier of fact must decide who to believe. Furthermore, since there is a disputed issue of material fact regarding the injuries, then this gives rise to the inevitable question of whether the Defendants acted in good faith in causing the injuries. Again, the Defendants deny that they used any force, thus making it impossible for them to specifically address the *Hudson* factors.

In conclusion, this case simply involves a swearing match, which will have to be resolved by the trier of fact. The Defendants have made a jury demand, thus a jury will have to decide who to believe. It is accordingly

9

**ORDERED** that the Defendants' supplemental motion for summary judgment (docket entry #42) is **DENIED**.  It is further

**ORDERED** that the Plaintiff's motion for summary judgment (docket entry #43) is **DENIED**.

**SIGNED this 16th day of March, 2007.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE

10