# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TEXARKANA DIVISION

| | | |
|---|---|---|
| CHARAIL McDANIEL, #1232015 | § | |
| VS. | § | CIVIL ACTION NO. 5:06cv135 |
| JAMES D. BARTON, ET AL. | § | |

**O R D E R**

Came on for consideration, the Plaintiff's most recent discovery motions (docket entry numbers 71 and 75). On September 28, 2006, the Court issued a scheduling order that set forth deadlines in this case. Discovery was limited to disclosure, with a deadline of October 5, 2006. The various motions regarding discovery are untimely. It is accordingly

**ORDERED** that the discovery motions (docket entry numbers 71 and 75) are **DENIED**.

The Plaintiff has also filed a motion to have his shoes and radio returned (docket entry #76). A prisoner does not have a basis for a civil rights lawsuit regarding property if there exists an adequate state post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional conduct); *Parratt v. Taylor*, 451 U.S. 527, 535-55 (1981) (negligent conduct); *Simmons v. Poppell*, 837 F.2d 1243, 1244 (5th Cir. 1988); *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984). The Texas court system provides an adequate postdeprivation remedy for the taking of any property. *See Holloway v. Walker*, 784 F.2d 1287, 1292 (5th Cir 1986). The Fifth Circuit has held that civil rights lawsuits filed by Texas prison inmates regarding property should be dismissed as frivolous. *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994). The present motion thus lacks merit. It is accordingly

**ORDERED** that the Plaintiff's motion to have his shoes and radio returned (docket entry #76) is **DENIED**.

The Court again notes that the pretrial conference is set for July 16, 2007, and that jury selection and trial is to begin on July 17, 2007. The parties are expected to be prepared for trial at that time.

**SIGNED this 11th day of July, 2007.**

*/s/ Caroline M. Craven*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE